94

PING LONG LI, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–5241–ag.

United States Court of Appeals,
Second Circuit.

May 30, 2007.

Michael Brown, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Jonathan Colan, Emily M. Smachetti, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ping Long Li, a native and citizen of China, seeks review of a November 2, 2006 order of the BIA affirming the May 19, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Ping Long Li,* No. A96 263 774 (B.I.A. Nov. 2, 2006), *aff'g* No. A96 263 774 (Immig. Ct. N.Y. City May 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

Although neither party specifically addresses this issue, we find that our review of this case is frustrated because there appears to be a conflict between the BIA and the IJ as to whether the adverse credibility determination was intended to deny both Li's forced sterilization claim and "other resistance" claim. In her decision, after making an adverse credibility determination, the IJ stated:

> For the above stated reasons, the Court finds that the respondent has failed to establish that the sterilization of his wife was done on a forced basis. Consequently, the Court cannot find that he has established past persecution or a well-founded fear of persecution on account of his wife's sterilization. The respondent alleges that he was detained for a day and was beaten. The Court finds that several hours in detention does not constitute persecution. The respondent has not indicated that the beating was severe in any way. He has offered very little detail regarding it. The Court finds that this unfortunate incident also would not qualify him for asylum under section 208.

From these statements, it is unclear to us whether the IJ intended for the adverse credibility finding to defeat Li's entire claim, or whether she disbelieved that Li's wife was forcibly sterilized but found him credible on the "other resistance" claim. If the former, the adverse credibility determination may well be supported by substantial evidence and be a sufficient basis to deny all of Li's claims. However, if the IJ intended the latter, the burden of proof finding is likely in error as he was detained and beaten for confronting family planning officials and engaging in "other resistance" to the family planning policy.[1]

---

1. The BIA's decision treats the IJ's adverse credibility determination as dispositive over all of Li's claims for relief.

Accordingly, we remand to the agency for clarification regarding the scope of the IJ's adverse credibility determination. *Cf. Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000) (noting the importance of the agency making a clear determination on an asylum applicant's credibility); *Tambadou v. Gonzales,* 446 F.3d 298, 301 (2d Cir.2006) (same).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).